**PRENOVOST, NORMANDIN, DAWE & ROCHA**
**A Professional Corporation**
**KAREL ROCHA, SBN 212413**
krocha@pnbd.com
**JASON MEYER, SBN 299032**
jmeyer@pnbd.com
**2122 North Broadway, Suite 200**
**Santa Ana, California 92706-2614**
**Phone No.:    (714) 547-2444**
**Fax No.:      (714) 835-2889**

Attorneys for NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as assignee and subrogee of Boot Barn Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> ANDY NGUYEN, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1.    FRAUD** <br> **2.    CONVERSION** <br> **3.    BREACH OF FIDUCIARY DUTY** <br> **4.    UNJUST ENRICHMENT** <br><br> **$407,473.67** |

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as assignee and subrogee of Boot Barn Holdings, Inc., by and through its attorneys, files this Complaint against Defendant Andy Nguyen, and in support thereof avers the following:

## **PARTIES**

1.      Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is a corporation formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1271 Avenue of the Americas, Floor 37, New York, New York 10020.

9477.0029 / 03161539.1

1

COMPLAINT

2. National Union is a citizen of the Commonwealth of Pennsylvania and the State of New York.

3. Boot Barn Holdings, Inc. ("Boot Barn") is the insured under National Union Policy No. 016860284.

4. Defendant Andy Nguyen ("Nguyen") is an individual person who, upon information and belief, is a citizen of the State of California and has an address of 206 S. Andres Place, Santa Ana, California 92704.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

7. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Boot Barn's discovery and investigation of Nguyen's misconduct from its Irvine, California location.

## FACTUAL ALLEGATIONS

8. Boot Barn is a California-based retailer and the insured under National Union Policy No. 016860284, which insured Boot Barn against employee dishonesty and theft.

9. Nguyen was formerly employed by Boot Barn at its Irvine, California location as its Director of Accounting, a key accounting role that gave him access to a Boot Barn-issued American Express corporate credit card and responsibility for reconciling Boot Barn's corporate credit card accounts.

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • FAX (714) 835-2889

10. Boot Barn used Certify as its travel and expense management platform, where American Express corporate card transactions automatically imported into the cardholder's Certify "wallet" for expense report processing and supervisory review.

11. Nguyen also prepared Boot Barn's American Express clearing account reconciliation, including booking monthly expense entries from Certify reports.

12. Over approximately two and one-half years, Nguyen used his Boot Barn-issued American Express corporate credit card to make personal and non-business charges, then concealed them by deleting them from Certify and altering monthly American Express clearing account reconciliations with legitimate-looking entries that closely matched the fraudulent charge amounts.

13. Nguyen was able to conceal the fraudulent charges because he had both access to the credit card activity and responsibility for preparing the American Express and Certify clearing account reconciliation.

14. Boot Barn discovered the theft after American Express notified Boot Barn on July 27, 2023 of suspicious activity on Nguyen's corporate card, including payments to Venmo and PayPal accounts containing Nguyen's name as payee.

15. Boot Barn investigated and determined that Nguyen made 823 non-business transactions totaling $407,473.67, including Venmo and PayPal charges and PayPal transactions associated with "ANGUYEN60890."

16. Nguyen admitted to Boot Barn management that the charges were fraudulent, stated that he acted alone, and explained his method for covering up the expenses.

17. Boot Barn reported the matter to the Irvine Police Department under Case No. 23-11544, and Nguyen was later criminally charged in Orange County Superior Court, Case No. 25HF1068, in connection with alleged grand theft, grand theft by embezzlement, and grand theft by employee.

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • FAX (714) 835-2889

9477.0029 / 03161539.1

3

18. Boot Barn submitted a claim to National Union under Policy No. 016860284, and its sworn Proof of Loss dated October 25, 2023 made claim for $407,473.67 arising from Nguyen's employee dishonesty and theft.

19. National Union determined that Boot Barn sustained a loss of $407,473.67 before application of the applicable deductible and paid Boot Barn $392,473.67 in satisfaction of the claim, net of the deductible.

20. Boot Barn executed an Assignment in favor of National Union, assigning all rights, claims, title, and interest that Boot Barn had or may have against the person or persons causing the loss, their associates, beneficiaries, and any other person, corporation, or entity, as provided in the Policy and to the extent of National Union's payment.

21. As a result of the payment and Assignment, National Union is subrogated to and assigned Boot Barn's rights and claims arising from Nguyen's misconduct.

22. National Union, through counsel, demanded repayment from Nguyen of $407,473.67 by letter dated May 20, 2026.

23. Despite demand, Nguyen has not reimbursed Boot Barn or National Union for the loss caused by his theft.

## COUNT I

## FRAUD

### National Union v. Nguyen

24. National Union repeats and realleges the above allegations as if set forth herein.

25. By using Boot Barn's American Express corporate credit card for personal and non-business charges, deleting those charges from Certify, and altering the American Express clearing account reconciliations, Nguyen falsely represented to Boot Barn that the charges and reconciled amounts were legitimate business expenses.

9477.0029 / 03161539.1

4

COMPLAINT

26. Nguyen knew the representations were false and made them with the intent to defraud Boot Barn and induce Boot Barn to pay the credit card charges without detecting or stopping his misconduct.

27. Boot Barn justifiably relied upon Nguyen's misrepresentations when it paid the American Express corporate credit card balance, took no action to stop or reverse the fraudulent charges before discovery, and allowed Nguyen to continue performing duties related to the credit card reconciliation process.

28. Nguyen's conduct was wanton and willful and committed with actual malice because he intentionally used Boot Barn's corporate credit card for personal charges and concealed those charges through false reconciliations.

29. As a result of Nguyen's fraud, Boot Barn, and thus National Union as assignee and subrogee, suffered a loss in the principal amount of $407,473.67 and is entitled to recover punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Nguyen for compensatory damages in the amount of $407,473.67, together with punitive damages, pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

## COUNT II

## CONVERSION

**National Union v. Nguyen**

30. National Union repeats and realleges the above allegations as if set forth herein.

31. Boot Barn was the rightful owner and possessor of the funds used to pay the fraudulent American Express corporate credit card charges made by Nguyen.

32. Without Boot Barn's consent and without lawful justification, Nguyen deprived Boot Barn of its rightful possession and ownership of $407,473.67 through the fraudulent credit card charges and concealment scheme described above.

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • FAX (714) 835-2889

33. Despite demand, Nguyen has not returned the $407,473.67 that he converted.

34. Nguyen's conduct was wanton and willful and committed with actual malice because he intentionally misappropriated Boot Barn's funds and concealed his conduct through false reconciliation activity.

35. As a result of Nguyen's conversion, Boot Barn, and thus National Union as assignee and subrogee, suffered a loss in the principal amount of $407,473.67 and is entitled to recover punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Nguyen for compensatory damages in the amount of $407,473.67, together with punitive damages, pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

## COUNT III

## BREACH OF FIDUCIARY DUTY

### National Union v. Nguyen

36. National Union repeats and realleges the above allegations as if set forth herein.

37. As Boot Barn's Director of Accounting, Nguyen was a key member of Boot Barn's accounting team with access to American Express credit card activity and responsibility for preparing the American Express and Certify clearing account reconciliation.

38. In that role, Nguyen owed Boot Barn fiduciary duties to act in Boot Barn's best interests, to safeguard Boot Barn's funds and property, to provide honest and accurate accounting information, and to refrain from stealing from Boot Barn.

39. Nguyen breached those fiduciary duties by using Boot Barn's corporate credit card to make personal and non-business charges, deleting those charges from Certify, altering the American Express account reconciliations, and concealing his theft.

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • FAX (714) 835-2889

40. Nguyen's conduct was wanton and willful and committed with actual malice because he intentionally exploited his accounting responsibilities and lack of segregation of duties to misappropriate Boot Barn's funds.

41. As a result of Nguyen's breach of fiduciary duty, Boot Barn, and thus National Union as assignee and subrogee, suffered a loss in the principal amount of $407,473.67 and is entitled to recover punitive damages in addition to compensatory damages.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Nguyen for compensatory damages in the amount of $407,473.67, together with punitive damages, pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

## COUNT IV

## UNJUST ENRICHMENT

### National Union v. Nguyen

42. National Union repeats and realleges the above allegations as if set forth herein.

43. Nguyen obtained and retained a benefit from Boot Barn in the amount of $407,473.67 by using Boot Barn's American Express corporate credit card to make personal and non-business charges and failing to return the misappropriated funds to Boot Barn or National Union.

44. It is inequitable and unjust for Nguyen to continue retaining the benefit that he received at Boot Barn's expense without disgorging such benefit to National Union, as Boot Barn's assignee and subrogee.

45. As a result of Nguyen's conduct, Boot Barn, and thus National Union as assignee and subrogee, suffered a loss in the principal amount of $407,473.67.

WHEREFORE, Plaintiff, National Union, demands judgment in its favor and against Nguyen for compensatory damages in the amount of $407,473.67, together

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • FAX (714) 835-2889

9477.0029 / 03161539.1

7

COMPLAINT

with pre-judgment and post-judgment interest, costs of suit, and all further relief that the Court determines to be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as assignee and subrogee of Boot Barn Holdings, Inc., respectfully demands judgment in its favor and against Defendant Andy Nguyen as follows:

A.  For compensatory damages in the amount of $407,473.67;

B.  For punitive damages on Counts I, II, and III;

C.  For pre-judgment and post-judgment interest as allowed by law;

D.  For costs of suit; and

E.  For such other and further relief as the Court determines to be just and proper.

DATED:  July 15, 2026

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation

By:    /s/ Karel Rocha
        KAREL ROCHA
        JASON MEYER
        Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
2122 NORTH BROADWAY, SUITE 200
SANTA ANA, CALIFORNIA 92706-2614
TEL (714) 547-2444 • FAX (714) 835-2889

9477.0029 / 03161539.1

8

COMPLAINT